FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ APR 05 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EBENEZER SIEBO,

        Plaintiff,

**MEMORANDUM & ORDER**
19-CV-1784 (WFK) (SJB)

v.

STELLA ORTON HOME CARE and
P.I. case,

        Defendants.
------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

On March 28, 2019, Plaintiff Ebenezer Siebo, proceeding *pro se*, filed this action against defendants. Plaintiff paid the filing fee to commence this action. For the reasons set forth below, the Court concludes it lacks subject matter jurisdiction and therefore the complaint is dismissed with leave to amend.

## BACKGROUND

Plaintiff makes the following allegations:

> My former employer on September 28th 2016 enter my home injected me with some chemical solution to disable me due to a work accident on July 19th 2012 and September 14th 2016. [sic]
>
> The was something placed under my feets that act like an electric shack runing from my feet to the haret and my throat. [sic]
>
> The private investigator hire my neighbors 126 and 124 Prospect Street Staten Island New York. During this period pump thing into my home which contributed to the up coming class action lawsuit that is coming against me. [sic]

Compl. at 5-6.[1] Plaintiff seeks $1,800,000.00 in monetary damages and "to order Stella Orton and it private investigator not to tak away my house [sic]." *Id.* at 8.

---

[1] The Court utilizes the page numbers assigned by CM/ECF.

1

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Even if Plaintiff has paid the court's filing fee, a district court may dismiss the action, *sua sponte*, if it determines that the action is frivolous, *see Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 119 (2d Cir. 2015); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 263, 363-64 (2d Cir. 2000), or that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible,

whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The subject-matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.*; *see also* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Plaintiff does not allege a basis for the Court's jurisdiction over this matter. *See* Compl. at 4. Plaintiff's allegations, even when liberally construed, do not suggest a basis for the Court's subject matter jurisdiction under either federal question or diversity of citizenship. Fed. R. Civ. P. 12(h)(3). Moreover, Plaintiff's claims, even if he believes them to be true, "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 33. Even a well-pleaded complaint may be dismissed as factually frivolous "if the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic, or delusional." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (internal quotation marks omitted).

## CONCLUSION

Accordingly, the complaint is dismissed, without prejudice, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). However, in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint which would support the Court's subject

3

matter jurisdiction within 30 days from the entry of this Order. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

If Plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 19-CV-1784 (WFK) (SJB). The amended complaint shall replace the original complaint. Plaintiff must provide facts to show that the Court has federal question or diversity jurisdiction over the claims alleged in the amended complaint. *See* 28 U.S.C. §§ 1331, 1332. All further proceedings shall be stayed for 30 days. If Plaintiff fails to file an amended complaint within the time allowed, judgment dismissing this action without prejudice shall be entered for the reasons set forth above. If submitted, the amended complaint will be reviewed for compliance with this Memorandum and Order and for subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Although Plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED:**

s/WFK
WILLIAM F. KUNTZ, II
United States District Judge

Dated: April 3, 2019
       Brooklyn, New York

4