```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EBENEZER SIEBO,

                    Plaintiff,
                                                                    MEMORANDUM & ORDER
        v.                                                          19-CV-1784 (WFK) (SJB)

STELLA ORTON HOME CARE and
P.I. case,

                    Defendants.
------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 17 2019 ★
BROOKLYN OFFICE

**WILLIAM F. KUNTZ, II, United States District Judge:**

Ebenezer Siebo ("Plaintiff"), proceeding *pro se*, filed this action against Defendants. Plaintiff paid the filing fee to commence this action. Plaintiff made the following allegations:

> My former employer on September 28th 2016 enter my home injected me with some chemical solution to disable me due to a work accident on July 19th 2012 and September 14th 2016. [sic]
>
> The was something placed under my feets that act like an electric shack runing from my feet to the haret and my throat. [sic]
>
> The private investigator hire my neighbors 126 and 124 Prospect Street Staten Island New York. During this period pump thing into my home which contributed to the up coming class action lawsuit that is coming against me. [sic]

Compl. at 5-6.[1] Plaintiff requested $1.8 million in monetary damages and "to order Stella Orton and it private investigator not to tak away my house [sic]." *Id.* at 7.

By Memorandum and Order dated April 3, 2019, the Court dismissed the complaint, without prejudice, for lack of subject matter jurisdiction with leave to amend the complaint within 30 days. On April 8, 2019, Plaintiff filed an amended complaint which was nearly identical to the original complaint except that it marked "federal question" and listed "28 USCA 1331" as the basis for jurisdiction on the form complaint. *See* Am. Compl. at 4.

---

[1] The Court utilizes the page numbers assigned by CM/ECF.

1

On April 24, 2019, Plaintiff filed a second amended complaint which is identical to the prior complaints but includes additional vague and incomprehensible statements. Second Am. Compl. at 7-8. Plaintiff also seeks additional damages in the amount of $266,000.00, for "the current value of my house," and to "release me of[] any fault or wrongdoing due to no support during this period." *Id.* at 11.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Even if Plaintiff has paid the court's filing fee, a district court may dismiss the action, *sua sponte*, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 263, 363-64 (2d Cir. 2000); *see also Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 119 (2d Cir. 2015), or that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The subject-matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented, *see* 28 U.S.C. § 1331, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00, *see* 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.*; *see also* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Although Plaintiff invokes the Court's federal question jurisdiction, *see* Second Am. Compl. at 4, he does not provide any facts to support federal question jurisdiction. Indeed, it is difficult for the Court to decipher the nature of Plaintiff's claims even though Plaintiff has amended the complaint twice. For example, Plaintiff claims that an unidentified former employer entered his home and injected him with a chemical solution to disable him, that the cold weather causes him to suffer heart pain similar to a massive heart attack, that he was subjected to electric shock to his feet, that a private investigator was hired by his neighbors who may have pumped something into his home and that the bank could take away his house.

Plaintiff's allegations, even when liberally construed, do not suggest a basis for the Court's subject-matter jurisdiction. Moreover, Plaintiff's claims, even if he believes them to be true, "rise to the level of the irrational or wholly incredible," *Denton*, 504 U.S. at 33. Even a well-pleaded complaint may be dismissed as factually frivolous "if the sufficiently well-pleaded facts are clearly baseless—that is, they are fanciful, fantastic, or delusional." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (internal quotation marks omitted). Neither Plaintiff's amended complaint nor the second amended complaint comply with the Court's Memorandum and Order dated April 3, 2019.

## CONCLUSION

Accordingly, the action is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Although Plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment dismissing this action without prejudice.

**SO ORDERED.**

s/WFK

WILLIAM F. KUNTZ, II
United States District Judge

Dated: May 15, 2019
Brooklyn, New York